**James L. WILLIAMS, Plaintiff,**

v.

**Charles SCULLY, E. Michael Kalonick, Dr. K. Hetschinof, Defendants.**

**No. 82 Civ. 1327 (JES).**

United States District Court, S.D. New York.

Dec. 16, 1982.

James L. Williams, plaintiff pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City, for defendants; Bridget E. Farrell, Asst. Atty. Gen., New York City, of counsel.

OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, James L. Williams, a prisoner confined at Green Haven Correctional Fa-

---

cility, ("Green Haven") commenced this civil rights action pursuant to 42 U.S.C. § 1983 (1979) against Charles Scully, Superintendent of Green Haven, E. Michael Kalonick, Director of Health Services for the New York State Department of Correctional Services, and Konstanty Hetschinof, D.D.S., Supervisor of Green Haven's dental department, contending that defendants violated his eighth and fourteenth amendment rights in that they deliberately failed to provide him with adequate dental care. Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

Defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that plaintiff has failed to state a claim upon which relief can be granted in that he has failed to allege (1) acts or omissions of constitutional magnitude and (2) personal involvement on the part of each defendant. Since matters outside the pleadings have been presented, the motion shall be treated as one for summary judgment. Fed.R. Civ.P. 12(b).

Plaintiff alleges that in July of 1981, he lost a filling and requested an appointment with the prison dentist to have it replaced. At that time, the Green Haven dental staff consisted of one full time dentist for an inmate population of approximately 1900.[1] Plaintiff was advised that emergency dental service was available only for extractions and was placed on the filling waiting list. Since the tooth in question was used to anchor a partial plate, plaintiff was unwilling to have it extracted. Plaintiff alleges that during the five and a half months he waited to have it re-filled, the tooth became infected causing him to suffer excruciating pain. By the time plaintiff saw the dentist, the tooth was so infected that it could not be saved.

Plaintiff maintains that, prior to the time his dental problem developed, defendants received a New York State Department of Corrections Medical Review Bureau report which provides, in pertinent part, "inmates have a right to preventative dental care within a time frame which will not result in loss of teeth."[2] He contends that, since defendants knew of the report and the understaffing in the dental facility, and since they had the means to alleviate the situation and failed to do so, their conduct constituted deliberate indifference to his serious medical needs.

Defendants maintain that plaintiff could have availed himself of an emergency extraction, and that the report to which he refers is not sufficient to form the basis of a claim under § 1983. Finally, defendants contend that it had been very difficult to find a staff dentist to replace the dentist who had left the facility.

■ It is well settled that deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Todaro v. Ward,* 565 F.2d 48, 52 (2d Cir.1977). Plaintiff was unable to obtain treatment, other than extraction, for five and one half months, during which time he suffered considerable pain. While defendants offer explanations for the inadequacies of Green Haven's dental program, they do not deny receipt of the report or knowledge of the understaffing. The Court, therefore, finds that there exists a material issue of fact with respect to whether defendants were deliberately indifferent to plaintiff's serious medical needs.

Defendants' motion for summary judgment is denied.

SO ORDERED.

---

**1.** There had been two full time dentists on the Green Haven dental staff. One of them left the prison on sick leave in March, 1981 and died in April, 1981. Affidavit of Konstanty Hetschinof of May 20, 1982, paragraphs 5 and 6.

**2.** Exhibit A to Plaintiff's Affidavit in Support of Motion to Strike Defendants' Answer and Motion to Dismiss. The report referred to is, in fact, a letter to Thomas Coughlin, Commissioner of the Department of Correctional Services, from Joseph Wasser, Commissioner and Chairman of the Medical Review Board, regarding a grievance submitted by an unnamed inmate, whose complaint was strikingly similar to plaintiff's.